ORIGINAL

U.S. COURTS

99 APR 12 PM 4: 11

FILED
CAMERON S. BURKE,
CLERK, IDAHO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICRON TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Lead Civil Action No. CIV98-0293-S-LMB |
| | ) | |
| | ) | Consolidated with: |
| v. | ) | Civil Action No: CIV 98-0294-S-LMB |
| | ) | |
| MOSEL VITELIC CORPORATION and | ) | PROTECTIVE ORDER |
| MOSEL VITELIC, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

In accordance with this Court's Order dated March 31, 1999, the following Protective Order shall govern in these proceedings:

IT IS HEREBY ORDERED THAT:

1. The term "Producing Party" shall include any entity, including the parties and third parties, that produces or provides "CONFIDENTIAL INFORMATION" in connection with *Mosel Vitelic Corporation v. Micron Technology, Inc.*, United States District Court, District of Delaware, case number 98-449, *Micron Technology, Inc. v. Mosel Vitelic Corporation and Mosel Vitelic, Inc.*, United States District Court, District of Idaho, case number CIV 98-0294-S-LMB, *Micron Technology, Inc. v. Mosel Vitelic Corporation and Mosel Vitelic, Inc.*, United States District Court, District of Idaho, case number CIV 98-0293-S-LMB and United States International Trade

PROTECTIVE ORDER - 1

BOI_MT1:243757.1

Commission, Washington, D.C., Investigation No. 337-TA-414, *In the Matter of Certain Semiconductor Memory Devices and Products Containing Same.*

2. The term "CONFIDENTIAL INFORMATION" shall mean and include documents and things, portions of documents, answers to interrogatories, responses to requests for admissions of fact, depositions, transcripts of depositions, and technical or commercial information derived therefrom deemed by any Producing Party to be CONFIDENTIAL INFORMATION. In designating information as CONFIDENTIAL INFORMATION, a Producing Party will make such designation only as to materials which that Producing Party in good faith believes constitutes such materials as used by it in, or pertaining to its business, which material is not generally known and/or which the Producing Party would normally not reveal to third parties or would cause third parties to maintain in confidence.

3. The term "documents" shall include but not be limited to pleadings, correspondence, memoranda, bulletins, blueprints, microfiche, specifications, customer lists, or other matter identifying customers or potential customers, price lists or schedules or other matter identifying pricing, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversation, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, computer discs or tapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), reports, instructions, disclosures, models, prototypes, instructions, and other writings.

4. The term "Counsel" shall mean attorneys of the firms Moffat, Thomas, Barrett, Rock & Fields, Chtd.; Kirkland & Ellis; Blank, Rome, Cominsky & McCauley; and Jones, O'Keefe, Egan & Peterman, L.L.P. for Micron Technology, Inc. and attorneys of the firms

Westberg, McCabe & Collins; Morris, James, Hitchens & Williams; McDermott, Will & Emery; and Skjerven, Morrill, MacPherson, Franklin & Friel, LLP, for Mosel Vitelic Corporation and Mosel Vitelic, Inc. as well as supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

5. The term "Independent Expert" for a party shall be defined as any person with whom Counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof and who has been cleared to receive CONFIDENTIAL INFORMATION pursuant to this paragraph. No Independent Expert may be shown any CONFIDENTIAL INFORMATION until ten (10) days after (1) he/she reads this Protective Order and agrees to be bound by its terms by signing the Non-Disclosure Agreement attached hereto, and (2) a copy of the signed Non-Disclosure Agreement is submitted to the other party with a copy of the proposed Independent Experts curriculum vitae attached. Within ten days after the submission of the Non-Disclosure Agreement, the other party may timely notify the proposing party of its objection, which objection shall be made in good faith and on reasonable grounds. If an objection is made, no disclosure of CONFIDENTIAL INFORMATION shall be made until the parties resolve the matter, the objection is withdrawn or the Court grants a motion permitting disclosure.

6. If CONFIDENTIAL INFORMATION is subject to a third-party non-disclosure or confidentiality agreement that prohibits or restricts the production of requested material, the party on whom a request for disclosure is served shall give prompt notice of the request for disclosure to the affected third party before such information is disclosed. Such third parties shall have twenty

PROTECTIVE ORDER - 3

BOI_MT1:243757.1

(20) days from the date of receipt of such notice to authorize the party on whom the request was served to produce the requested material or to object to such disclosure. If an objection is made, no disclosure shall be made and the party on whom the request was made shall notify the requesting party of the objection.

7. Any document or thing containing or including any CONFIDENTIAL INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto a label identifying it as CONFIDENTIAL INFORMATION.

8. All CONFIDENTIAL INFORMATION not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above shall be designated by the Producing Party by informing the receiving party in writing.

9. In the event the Producing Party elects to produce CONFIDENTIAL INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain CONFIDENTIAL subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. In the event that any Producing Party discovers, after it has produced CONFIDENTIAL INFORMATION, that it has inadvertently produced CONFIDENTIAL INFORMATION that has not been correctly designated as such, the Producing Party may, within ten days of the discovery of inadvertent production, correct that error by designating in writing, specifically identifying the CONFIDENTIAL INFORMATION, the confidential nature of the document. Henceforth, the parties agree to treat that information in accordance with this Protective Order.

PROTECTIVE ORDER - 4

BOI_MT1:243757.1

10. Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL INFORMATION:

(a) said deposition or portions thereof shall automatically be deemed CONFIDENTIAL subject to the provisions of this Protective Order. Within thirty (30) days after receipt of the deposition transcript, the Producing Party shall designate in writing to the parties to the action those portions of the transcript designated CONFIDENTIAL INFORMATION. If a Producing Party fails to designate portions under this paragraph within ten (10) days after receiving notice of its failure to designate by a party, the transcript shall be treated as not confidential; and

(b) the Producing Party shall have the right to exclude from attendance at said deposition, during such time as the CONFIDENTIAL INFORMATION is to be disclosed, every individual excluding the deponent, the Court Reporter, and those individuals authorized under this Protective Order to receive the CONFIDENTIAL INFORMATION.

11. All information designated as CONFIDENTIAL INFORMATION shall be treated as confidential by the receiving party, shall not be used by the receiving party for any purpose other than in connection with *Mosel Vitelic Corporation v. Micron Technology, Inc.*, United States District Court, District of Delaware, case number 98-449, *Micron Technology, Inc. v. Mosel Vitelic Corporation and Mosel Vitelic, Inc.*, United States District Court, District of Idaho, case number CIV 98-0294-S-LMB, *Micron Technology, Inc. v. Mosel Vitelic Corporation and Mosel Vitelic, Inc.*, United States District Court, District of Idaho, case number CIV 98-0293-S-LMB, and United States International Trade Commission, Washington, D.C., Investigation No. 337-T-414, *In the Matter of Certain Semiconductor Memory Devices and Products Containing Same*, unless and until such designation is removed by agreement of Counsel or by Order of the Court,

PROTECTIVE ORDER - 5

and shall not be disclosed by any receiving party to anyone other than Counsel, independent document copiers, Independent Experts retained for this litigation, and certain other individuals as provided for and pursuant to the restrictions contained in paragraph 12 below.

12. With respect to documents designated as including CONFIDENTIAL INFORMATION, any person indicated on the face of the document to be its originator, author, or a recipient thereof may be shown the document. Additionally, any document designated as including CONFIDENTIAL INFORMATION may be shown to any officer, director, employee, attorney or agent of the party that produced the document so designated, during the deposition of that officer, director, employee, attorney or agent. Also, any document designated as including CONFIDENTIAL INFORMATION may be shown to any former officer, director, employee, attorney or agent of the party that produced the document so designated, during the deposition of that former officer, director, employee, attorney or agent, if (1) the CONFIDENTIAL INFORMATION contained in the document so designated was in existence during the period of the former officer, director, employee, attorney or agent's relationship with the party that produced the document so designated, and (2) it is reasonable to conclude that the former officer, director, employee, attorney or agent would have had personal access to or knowledge of the information contained in that document. In addition to the disclosures permitted above, a party may disclose CONFIDENTIAL INFORMATION of a non-party individual or entity to any deposition witness, provided that (a) the non-party individual or entity is given written notice of the CONFIDENTIAL INFORMATION to be disclosed at least seven (7) days in advance of such disclosure, and (b) the deposition witness and any counsel for the deposition witness provide the producing non-party individual or entity an executed Non-Disclosure Agreement. If an objection is made, no disclosure

PROTECTIVE ORDER - 6

of CONFIDENTIAL INFORMATION shall be made until the parties resolve the matter, the objection is resolved or the Court grants a motion permitting disclosure.

13.    a) In the event any person or party having possession, custody or control of any CONFIDENTIAL INFORMATION receives a subpoena or other process (e.g., document request or interrogatory) or order to produce such CONFIDENTIAL INFORMATION, that person or party shall promptly: (i) notify in writing the attorneys of record of the Producing Party; and (ii) furnish those attorneys of record with a copy of said subpoena or other process or order.

b) The Producing Party, within 5 days of such notice, shall notify the party on whom the subpoena or other process was served of any objections to the production of its CONFIDENTIAL INFORMATION in response to the subpoena or other process. If an objection is made, the CONFIDENTIAL INFORMATION shall not be produced, and the written response to the subpoena or other process shall include a statement to the effect that "{Micron or Mosel} objects to the production of information or documents protected by confidentiality agreements with third parties."

c) If, after service of that written response, the party that served the subpoena or other process, maintains in a letter or in a meet and confer conference, that it is entitled to production of the information and documents protected by third-party confidentiality agreements, the party on whom the subpoena or other process was served, shall promptly notify the Producing Party.

d) If, within 10 days of the receipt of the notice pursuant to subparagraph c above, the Producing Party makes a motion to quash or modify the subpoena, process or order, there shall be no disclosure pursuant to the subpoena, process or order until the Court has ruled upon the motion, and then only in accordance with the ruling so made. If no such motion is made within the

PROTECTIVE ORDER - 7

time provided above, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

14. Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents which are filed with the Court for any purpose and which incorporate information that is designated CONFIDENTIAL INFORMATION shall be filed in a sealed envelope marked on the outside with the title of the action, and identification of such document within and a statement substantially in the following form:

> CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE
> ORDER ENTERED BY THE COURT ON _____
>
> "This envelope (or container) containing the above-identified papers filed by (name of Party), is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."

15. The Clerk of the Court shall accept all documents filed with the Court pursuant to Paragraph 14 of this Order. The contents therein shall be kept under seal and treated by the Court in accordance with the provisions of this Order.

16. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

17. Nothing in this Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or

PROTECTIVE ORDER - 8

documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL INFORMATION.

18. Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as CONFIDENTIAL INFORMATION consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

19. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of the motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of Information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any Producing Party of the obligation of producing information in the course of discovery. The Protective Order shall not impact or control the use of CONFIDENTIAL INFORMATION during any trial in this action.

20. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved Producing Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, and in the event the aggrieved Producing Party shall do so, the respondent party, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this

PROTECTIVE ORDER - 9

Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

21. In the event that any party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL INFORMATION, that party and the Producing Party shall try first to resolve such dispute in good faith on an informal basis. Any receiving party may at any time request that the Producing Party cancel the CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not properly designated and the reasons supporting its contentions. If the party, individual or entity seeking to maintain the designation does not agree to remove the designation, the receiving party must file a motion with this Court seeking removal of the confidentiality designation. If a motion is filed, the initial designation shall remain until the Court rules on such motion and thereafter shall be governed by the Court's ruling.

22. The parties can agree to any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of CONFIDENTIAL INFORMATION.

23. Immediately after entry of final judgment and conclusion of any and all appeals, or upon dismissal of this Action pursuant to a settlement agreement, all documents and things or transcripts of deposition, together with all copies thereof, which have been designated as including CONFIDENTIAL INFORMATION shall be (a) returned to the respective party by which it was produced or, at the election of the Producing Party, (b) destroyed, with a written acknowledgment of such destruction, by the party in possession of the CONFIDENTIAL INFORMATION within

thirty (30) days of the entry of final judgment and conclusion of any and all appeals or within thirty (30) days of the entry of an order of dismissal pursuant to a settlement agreement.

24. Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order agreement or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order with respect to matter designated as containing CONFIDENTIAL INFORMATION.

* * *

DONE AND ORDERED this 12th day of April, 1999.

LARRY M. BOYLE
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER - 11

BOI_MT1:243757.1

Attachment A

## **NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Micron Technology, Inc. v. Mosel Vitelic Corporation and Mosel Vitelic, Inc.*, United Stated District Court for the District of Idaho, Civil Action No. CIV98-0293-S-LMB, and in *Micron Technology, Inc. v. Mosel Vitelic Corporation and Mosel Vitelic, Inc.*, United Stated District Court for the District of Idaho, Civil Action No. CIV98-0294-S-LMB, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I acknowledge that I am about to receive CONFIDENTIAL INFORMATION in said action and certify my understanding that such CONFIDENTIAL INFORMATION is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information and any copies I make of any documentary material containing CONFIDENTIAL INFORMATION or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed: _____

Dated: _____

Current Address: _____

_____

Employer: _____

**\*Attach Curriculum Vitae**

```
                                                                gjt
                 United States District Court
                           for the
                      District of Idaho
                       April 12, 1999


              * * CLERK'S CERTIFICATE OF MAILING * *

Re:  1:98-cv-00293
     1:98-cv-00294


I certify that a copy of the attached document was mailed to the
following named persons:

     Kirk R Helvie, Esq.
     MOFFATT THOMAS BARRETT ROCK & FIELDS
     PO Box 829
     Boise, ID  83701

     William A Streff Jr, Esq.
     KIRKLAND & ELLIS
     200 E Randolph Dr
     Chicago, IL  60601

     Russell E Levine, Esq.
     KIRKLAND & ELLIS
     200 E Randolph Dr
     Chicago, IL  60601

     Barry F Irwin, Esq.
     KIRKLAND & ELLIS
     200 E Randolph Dr
     Chicago, IL  60601

     John F Paschke, Esq.
     KIRKLAND & ELLIS
     200 E Randolph Dr
     Chicago, IL  60601

     Rita Mirman, Esq.
     KIRKLAND & ELLIS
     200 E Randolph Dr
     Chicago, IL  60601

     David K Callahan, Esq.
     KIRKLAND & ELLIS
     200 E Randolph Dr
     Chicago, IL  60601

     Jennifer Anderson Van Kirk, Esq.
     KIRKLAND & ELLIS
     200 E Randolph Dr
     Chicago, IL  60601
```

Jeffrey D Mills, Esq.
KIRKLAND & ELLIS
200 E Randolph Dr
Chicago, IL  60601

Bryan K Anderson, Esq.
SKJERVEN MORRILL MACPHERSON FRANKLIN & FRIEL
25 Metro Dr #700
San Jose, CA  95110

Maria S Spustek, Esq.
SKJERVEN MORRILL MACPHERSON FRANKLIN & FRIEL
25 Metro Dr #700
San Jose, CA  95110

James E Parsons, Esq.
SKJERVEN MORRILL MACPHERSON FRANKLIN & FRIEL
25 Metro Dr #700
San Jose, CA  95110

Edward V Anderson, Esq.
SKJERVEN MORRILL MACPHERSON FRANKLIN & FRIEL
25 Metro Dr #700
San Jose, CA  95110

Steven M Levitan, Esq.
SKJERVEN MORRILL MACPHERSON FRANKLIN & FRIEL
25 Metro Dr #700
San Jose, CA  95110

Robert B Morrill, Esq.
SKJERVEN MORRILL MACPHERSON FRANKLIN & FRIEL
25 Metro Dr #700
San Jose, CA  95110

Alan H MacPherson, Esq.
SKJERVEN MORRILL MACPHERSON FRANKLIN & FRIEL
25 Metro Dr #700
San Jose, CA  95110

P Larry Westberg, Esq.
WESTBERG MCCABE & COLLINS
PO Box 2836
Boise, ID  83701


Cameron S. Burke, Clerk

Date: _April 12, 1999_        BY: _Glenda Lipton_
                                    (Deputy Clerk)